(No. 4450— )

EDWARD M. TRIPP, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1952.*

R. WALLACE KARRAKER, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

The claimant, Edward M. Tripp, was on August 31, 1950 a duly certified Civil Service employee of the State of Illinois, and employed as Supervising Attendant at the Anna State Hospital, Anna, Illinois. On September 1, 1950, claimant was served with a writ and notice of suspension from his employment, which was signed by C. D. Noble, Superintendent of the Anna State Hospital; and, by Fred K. Hoehler, Director of the Department of Public Welfare, and which notified claimant that he was suspended from his employment for a period of thirty days from September 16, 1950 to Oc-

tober 16, 1950, citing as reasons for the dismissal his political activity as a precinct committeeman.

On the same date, August 31, 1950, Fred K. Hoehler, as Director of the Department of Welfare, filed written charges, addressed to the Illinois Civil Service Commission, requesting the removal of the claimant for the same charges as set forth in the notice served on the claimant re his dismissal or suspension for thirty days. The Hearing Board of the Illinois Civil Service Commission on October 13, 1950 recommended that the claimant be discharged from the certified position of Supervision Attendant I, effective October 16, 1950, and the Illinois Civil Service Commission approved the findings and decision of the Hearing Board under a certification dated October 31, 1950, and certified the decision to the Department of Public Welfare for enforcement.

The claimant, under the Administrative Review Act, filed a petition in the Circuit Court of Union County, and, under an order of the Circuit Court on the 3rd day of April, A.D. 1951, said Court held that the decision of the Civil Service Commission was without any evidence of political activity, that there was no proof of the charges made, and ordered that the order of the Civil Service Commission dated October 31, 1950 discharging the claimant as a Civil Service employee be quashed, and held to be null and void. There was no appeal from this order of the Circuit Court by the State.

In accordance with the order of the Circuit Court, the claimant was restored to the payroll and to his work at the Anna State Hospital as of April 3, 1951. Claimant does not make any claim for loss of wages for the period of September 16 to October 16, 1950,

but claims wages at the rate of $215.00 per month from October 16, 1950 to April 3, 1951, or for a period of five months and seventeen days, in the amount of $1,185.00.

The evidence discloses that the claimant has been diligent in the protection of his rights, and at all times for which he seeks payment of salary, he was ready, willing and able to perform the duties of his position, tendered the performance thereof, and such tender was refused. It has been repeatedly held by this Court that a Civil Service employee, illegally discharged, and subsequently restored to his position by a judgment of a court of competent jurisdiction, is entitled to the salary provided for said position for the period of illegal discharge, where he is ready, able and willing to perform the duties of said position, and tendered his services to his employer. The respondent in this case offers no proof that claimant's salary had been paid to a de facto incumbent prior to the claimant's reinstatement, and offers no proof that any other agent or de facto incumbent performed the duties of claimant's position during the period in controversy.

The Court, therefore, finds that the claimant is rightfully entitled to an award for payment of his salary during the period of his illegal discharge in the amount of $1,185.00.

An award is entered in favor of the claimant, Edward M. Tripp, in the amount of $1,185.00.